**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-57131 |
| Plaintiff - Appellee, | D.C. Nos. 2:85-cr-00810-WPG-4 |
| v. | 2:85-cr-00810-WPG-4 |
| VICTOR MARTINEZ-PEREZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Audrey B. Collins, District Judge, Presiding

Submitted May 15, 2014[**]
Pasadena, California

Before: KOZINSKI, Chief Judge, and WARDLAW and FISHER, Circuit Judges.

Petitioner Victor Martinez-Perez appeals the district court's denial of his

petition for writ of error coram nobis.  We have jurisdiction under 28 U.S.C.

§ 1291, and we affirm.

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

**1.** Martinez-Perez has not established valid reasons for failing to challenge his conviction earlier. Assuming his delay was excused until his application for lawful permanent residency was denied in 1993, nearly 20 additional years passed before he filed this petition. Martinez-Perez's explanation that he was unable to afford the $50,000.00 to $100,000.00 retainer fees he was quoted is not persuasive. He has not provided any detail about the extent of his efforts to find affordable counsel and therefore has failed to establish that he could not have acted earlier. *See United States v. Riedl*, 496 F.3d 1003, 1006-07 (9th Cir. 2007). In any event, inability to afford litigation is a generally invalid reason for delay. *See id.* at 1007; *cf. Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 954-55 (9th Cir. 2001).

**2.** The district court did not abuse its discretion by applying laches. It permissibly concluded that the government has been prejudiced by the delay, both because evidence it would ordinarily use to respond to Martinez-Perez's petition is no longer available, as evidenced by his counsel's declaration, and because of the difficulty of reprosecuting him for events that took place in 1985, should his conviction be vacated. *See Telink, Inc. v. United States*, 24 F.3d 42, 47-48 (9th Cir. 1994). Martinez-Perez's offers to waive attorney-client privilege and to take a polygraph test do not rebut this prima facie showing of prejudice, and he has not

2

established reasonable diligence for the reasons explained above. *See id.*; *see also*

*Riedl*, 496 F.3d at 1008.

**AFFIRMED.**